UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>INDEPENDENT MEDEQUIP LLC, et al.[1],<br><br>Debtors.<br>_______________________________________/ | Chapter 11<br><br>Case No. 25-02821-TOM11 |
| INDEPENDENT MEDEQUIP LLC, et al.[2],<br><br>Plaintiffs,<br>v. | Adv. Case No. __________ |
| KALAMATA CAPITAL GROUP LLC, NEWCO CAPITAL GROUP VI LLC, GLOBAL MERCHANT CASH INC. d/b/a WALL STREET FUNDING, PARKSIDE FUNDING GROUP LLC, RETAIL CAPITAL LLC d/b/a CREDIBLY, SOUTHLAKE CAPITAL, LLC, HUMAN CARE USA, JB&B CAPITAL, PAWNEE LEASING CORPORATION, PHILIPS MEDICAL CAPITAL, ARVEST BANK GROUP INC., UMPQUA BANK, AVTECH CAPITAL LLC, BANKFINANCIAL N.A., CHANNEL PARTNERS CAPITAL LLC, NAVITAS CREDIT CORP., VGM FINANCIAL SERVICES, BALBOA CAPITAL CORPORATION, CELTIC BANK, CREDIBLY OF ARIZONA LLC, PIRS CAPITAL LLC, FP LEASING GROUP INC., ODK CAPITAL LLC, CADENCE BANK, THE PRESIDENT'S CLUB LLC, SMALL BUSINESS ADMINISTRATION, and IOU FINANCIAL LLC,<br><br>Defendants.<br>__________________________________________________/ | |

[1] The Debtors in these cases are: Independent MedEquip, LLC (25-02821-TOM11); iMedEquip LLC (25-02823-TOM11); Viking Medical Supply, LLC (25-02824-TOM11); Independent Offices, LLC (25-02826-TOM11); MedAlliance LLC (25-02827-TOM11); Cloud City Medical, LLC (25-02829-TOM11); Physician's Choice Medical, LLC (25-02830-TOM11); Central Mobility and Rehab Equipment, LLC (25-02831-TOM11); Georgia Medical Supply of Richland, LLC (25-02832-TOM11); LifeAid Medical Equipment LLC (25-02834-TOM11); and Life Medical Supply LLC (25-02835-TOM11).

[2] The Plaintiffs in this case are: Independent MedEquip, LLC (25-02821-TOM11); iMedEquip LLC (25-02823-TOM11); Viking Medical Supply, LLC (25-02824-TOM11); Independent Offices, LLC (25-02826-TOM11); MedAlliance LLC (25-02827-TOM11); Cloud City Medical, LLC (25-02829-TOM11); Physician's Choice Medical, LLC (25-02830-TOM11); Central Mobility and Rehab Equipment, LLC (25-02831-TOM11); Georgia Medical Supply of Richland, LLC (25-02832-TOM11); LifeAid Medical Equipment LLC (25-02834-TOM11); and Life Medical Supply LLC (25-02835-TOM11).

35576312-8

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

Independent MedEquip, LLC; iMedEquip LLC; Viking Medical Supply, LLC; Independent Offices, LLC; MedAlliance LLC; Cloud City Medical, LLC; Physician's Choice Medical, LLC; Central Mobility and Rehab Equipment, LLC; Georgia Medical Supply of Richland, LLC; LifeAid Medical Equipment LLC; and Life Medical Supply LLC, (collectively, the "Debtors" or "Plaintiffs" or "IMED") sue Kalamata Capital Group LLC, Newco Capital Group VI LLC, Global Merchant Cash Inc. d/b/a Wall Street Funding, Parkside Funding Group LLC Retail Capital LLC d/b/a Credibly, Southlake Capital LLC, Human Care USA, JB&B Capital, Pawnee Leasing Corporation, Philips Medical Capital, Arvest Bank Group Inc., Umpqua Bank, Avtech Capital LLC, BankFinancial N.A., Channel Partners Capital LLC, Navitas Credit Corp., VGM Financial Services, Balboa Capital Corporation, Celtic Bank, Credibly of Arizona LLC, PIRS Capital LLC, FP Leasing Group Inc., ODK Capital LLC, Cadence Bank, The President's Club LLC, Small Business Administration, and IOU Financial LLC (collectively, the "Defendants") and seek injunctive relief during the pendency of these Chapter 11 cases prohibiting the commencement or continuation of all civil actions (including state, federal, and arbitration actions) and collection activities against Lonnie Blake Dorcey through confirmation of a plan of reorganization, including, but not limited to, enjoining the prosecution of: (i) all unknown but currently pending actions against Lonnie Blake Dorcey, and (ii) any actions not yet filed against Lonnie Blake Dorcey.

## **Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334, in that it arises in and relates to the Chapter 11 cases pending before this Court filed by the Debtors.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

4. The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code[3] and 28 U.S.C. § 1334 and Bankruptcy Rules 7001(7) and 7065.

## **The Parties**

5. Plaintiffs are the debtors in the above-captioned bankruptcy case. Plaintiffs' principal place of business is in Birmingham, Alabama.

6. Upon information and belief, Kalamata Capital Group LLC, is a limited liability company with its principal place of business in Bethesda, Maryland and can be served at 7200 Wisconsin Avenue, Ste. 500, Bethesda, Maryland 20814.

7. Upon information and belief, Newco Capital Group VI LLC, is a limited liability company with its principal place of business in Monsey, New York and can be served at 25 Robert Pitt Drive, Ste. 204, Monsey, New York 10952.

8. Upon information and belief, Global Merchant Cash Inc. d/b/a Wall Street Funding is a corporation with its principal place of business in New York, New York and can be served at 64 Beaver Street, Ste. 415, New York, New York 10004.

[3] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* All references to a "Bankruptcy Rule" or the "Bankruptcy Rules" are to the applicable rule of the Federal Rules of Bankruptcy Procedure.

9. Upon information and belief, Parkside Funding Group LLC is a limited liability company with its principal place of business in Brooklyn, New York and can be served at 1615 Avenue I, Apartment 122, Brooklyn, New York 11230.

10. Upon information and belief, Retail Capital LLC d/b/a Credibly is a limited liability company with its principal place of business in Southfield, Michigan and can be served at 25200 Telegraph Road, Ste. 350, Southfield, Michigan 48033.

11. Upon information and belief, Southlake Capital LLC is a limited liability company with its principal place of business in Hoover, Alabama and can be served at 1500 Southlake Park Ste. 250, Hoover, Alabama 35244.

12. Upon information and belief, Human Care USA, Inc., is a corporation with its principal place of business in Austin, Texas and can be served at Post Office Box 14485, Austin, Texas 78761.

13. Upon information and belief, JB&B Capital, LLC, is a limited liability company with its principal place of business in Knoxville, Tennessee and can be served at PO Box 10068, Knoxville, Tennessee 37939.

14. Upon information and belief, Pawnee Leasing Corporation, is a corporation with its principal place of business in Fort Collins, Colorado and can be served at 3801 Automation Way, Ste. 207, Fort Collins, Colorado 80525.

15. Upon information and belief, Philips Medical Capital, LLC, is a limited liability company with its principal place of business in Wayne, Pennsylvania and can be served at 1111 Old Eagle School Road, Wayne, Pennsylvania 19087.

16. Upon information and belief, Arvest Bank Group, Inc., is a financial institution with its principal place of business in Little Rock, Arkansas and can be served at 300 S. Spring Street, Ste. 900, Little Rock, Arkansas 72201.

17. Upon information and belief, Umpqua Bank, is a banking corporation with its principal place of business in Federal Way, Washington and can be served at 3455 South 344th Way, Ste. 300, Federal Way, Washington 98001.

18. Upon information and belief, Avtech Capital LLC, is a limited liability company with its principal place of business in Cottonwood Heights, Utah and can be served at 6995 Union Park Center, Ste. 400, Cottonwood Heights, Utah 84047.

19. Upon information and belief, BankFinancial N.A. is a banking corporation with its principal place of business in Burr Ridge, Illinois and can be served at 60 North Frontage Road, Burr Ridge, Illinois 60527.

20. Upon information and belief, Channel Partners Capital LLC, is a limited liability company with its principal place of business in Minnetonka, Minnesota and can be served at 11100 Wayzata Boulevard, Ste. 305, Minnetonka, Minnesota 55305.

21. Upon information and belief, Navitas Credit Corp., is a corporation with its principal place of business in Columbia, South Carolina and can be served at 201 Executive Center Drive, Ste. 100, Columbia, South Carolina 29210.

22. Upon information and belief, VGM Financial Services, is a corporation with its principal place of business in Waterloo, Iowa and can be served at Post Office Box 2817, Waterloo, Iowa 50704.

23. Upon information and belief, Balboa Capital Corporation, is a corporation with its principal place of business in Costa Mesa, California and can be served at 575 Anton Boulevard, 12th Floor, Costa Mesa, California 92626.

24. Upon information and belief, Celtic Bank, is a corporation with its principal place of business in Salt Lake City, Utah, and can be served at 268 South State Street, Ste. 300, Salt Lake City, Utah 84111.

25. Upon information and belief, Credibly of Arizona LLC, is a limited liability company with its principal place of business in Tempe, Arizona and can be served at 1501 W. Fountainhead Parkway, #630, Tempe, Arizona 85282.

26. Upon information and belief, PIRS Capital LLC, is a limited liability company with its principal place of business in Miami Beach, Florida and can be served at 1688 Meridian Avenue, Ste. 700, Miami Beach, Florida 33139.

27. Upon information and belief, FP Leasing Group Inc., is a corporation with its principal place of business in Jacksonville, Florida and can be served at United States Corporation Agents, Inc., 476 Riverside Avenue, Jacksonville, Florida 32202.

28. Upon information and belief, ODK Capital LLC, is a limited liability company with its principal place of business in Miami Beach, Florida and can be served at 4700 West Daybreak Parkway, Ste. 200, Miami Beach, Florida 33139.

29. Upon information and belief, Cadence Bank, is a banking corporation with its principal place of business in Birmingham, Alabama and can be served at 2100 3rd Avenue N, Ste 100, Birmingham, Alabama 35203.

30. Upon information and belief, The President's Club LLC is a limited liability company with its principal place of business in Oklahoma City, Oklahoma and can be served at 400 North Walker Avenue, Oklahoma City, Oklahoma 73102.

31. Upon information and belief, Small Business Administration is a governmental agency with its principal place of business in Birmingham, Alabama, and can be served at 2 North 20th Street, Ste. 325, Birmingham, Alabama 35203.

32. Upon information and belief, IOU Financial LLC is a limited liability company with its principal place of business in Milton, Georgia, and can be served at 115 Hickory Mill Court, Milton, Georgia 30004.

**The Debtors' Business and the Chapter 11 Filing**

33. IMED supplies durable medical equipment ("DME") such as hospital beds, oxygen tank and oxygen replenishment, patient transfer equipment, stroke rehab devices designed for home use, CPAPs and oxygen concentrators, complex mobility solutions for patients with significant disabilities and medical conditions, and an assorted array of traditional DME equipment (*e.g.*, hospital bed tables, portable commodes, IV poles, standard wheelchairs, etc.) to patients located generally in their homes.

34. IMED is compensated for these services by a combination of third-party insurance carriers, Medicare, Medicaid, and patient payments. IMED also sells non-prescription consumable supplies at retail at several of its locations to support in-home medical care. IMED generates its revenue through four general lines of business: (i) hospice to support final stages of life, (ii) insurance patients, (iii) patient transfer equipment, and (iv) retail non-prescription medical supplies and consumables. For DME equipment placements, IMED's revenue is most often a daily or monthly rental, and the allowable rental rate is determined by insurance companies, hospice operators under contractual agreements with IMED, Medicare, and Medicaid. In limited instances, insurance carriers

will reimburse IMED to the extent of the purchase price of complex mobility solutions and stroke rehab devices at a price determined by the insurance carrier's internal policies, whereby the patient becomes the owner of the equipment. However, for the most part, IMED's DME is considered a rental arrangement where the reimbursement rate is determined by a third party.

35. On September 18, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

36. Some of IMED's business acquisitions were completed in mid to late 2019, immediately preceding the COVID pandemic. The COVID pandemic caused considerable financial hardship on IMED as a healthcare business. A sharp increase in gasoline prices in late 2021 further disrupted IMED's finances, given that IMED must operate a significant vehicle fleet to deliver and retrieve DME. Rising interest rates starting in the spring of 2022 and subsequent inflation have also negatively impacted IMED due to its significant debt structure and need to expand its rental fleet of DME. In February 2024, Change Healthcare ("CH"), one of the largest healthcare claims processors in the country, experienced a ransomware attack that crippled its ability to process and recover payment on claims, including those of IMED. CH subsequently advanced IMED a $4.5 million loan to compensate it for its claims, but IMED was unable to repay the advances, so CH has been offsetting IMED's legitimate claims due from CH's parent company, United Healthcare, to recoup its advance. Finally, facing a liquidity crisis, IMED started utilizing merchant cash advances ("MCAs") to maintain operations. IMED anticipated an uptick in business that it hoped would enable it to quickly pay off its MCAs, but that has not

materialized, and the ongoing interest payments required by the MCAs have forced IMED into bankruptcy.

37. The Debtors filed the Chapter 11 cases to preserve: (a) the going concern value of the businesses, (b) their relationships with employees, customers, and vendors, and (c) their reputation in the community.

38. Lonnie Blake Dorcey is essential to the Debtors' reorganization efforts. Collectively, he oversees all facets of the Debtors' operations, including, without limitation, advertising, sales and marketing, customer relations, vendor relations, human resources, purchasing, financing, leasing, accounting, and legal.

**Count I--Injunctive Relief**

39. Plaintiffs repeat and reallege paragraphs 1 through 38 of the instant Complaint as if fully set forth herein.

40. This is an action for injunctive relief pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7065.

41. This complaint seeks temporary and preliminary relief through the entry of a preliminary injunction enjoining the Defendants from commencing or continuing any civil actions or collection activities against Lonnie Blake Dorcey for the duration of the Chapter 11 Cases, up to and including the entry of a final order confirming the Debtors' plan.

42. The Debtors have a substantial likelihood of success in achieving a successful reorganization, particularly if they have the assistance of Lonnie Blake Dorcey. The Debtors intend to propose a comprehensive plan of reorganization and negotiate in good faith with their creditors to resolve the disputes and claims asserted in any pending actions.

43. Failure to enjoin the Defendants from prosecuting litigation or collection activities against Lonnie Blake Dorcey during the pendency of these Chapter 11 Cases will have catastrophic and potentially fatal effects on the Debtors' ability to reorganize.

44. The Debtors have and will suffer irreparable injury unless the court issues the injunctive relief sought herein. If the Defendants are permitted to continue prosecuting litigation and collection activities against Lonnie Blake Dorcey:

a. He will be forced to expend additional resources to defend the litigation and collection activities, which will adversely impact his ability to support the Debtors' plan of reorganization.

b. The pending litigation will distract Lonnie Blake Dorcey and prevent him from devoting his full attention to the Debtors and the reorganization process during this critical period.

c. His assets may be garnished or frozen preventing him from providing funding or support, if determined necessary or appropriate.

d. The entire reorganization effort would be in jeopardy, as one or more Defendants may attempt to levy on Lonnie Blake Dorcey's assets, which could otherwise fund the plan or support the Debtors' reorganization efforts, if determined necessary or appropriate.

45. In addition, unless litigation and collection activities are stayed, the Debtors will suffer further irreparable harm because a judgment against Lonnie Blake Dorcey will effectively be a finding or a judgment against the Debtors, giving rise to contribution and indemnification claims.

46. Allowing the Defendants to prosecute claims against Lonnie Blake Dorcey will also prejudice the rights of all creditors and result in an unfair distribution of assets to creditors on a first-come-first-serve basis.

47. The potential harm to the Debtors from a failure to grant the injunctive relief sought herein outweighs any potential harm to the Defendants if the injunctive relief is granted. Specifically, the Debtors submit that failure to stay the litigation and collection activities during the pendency of these Chapter 11 Cases would seriously threaten their reorganization efforts. The only harm that might befall the Defendants is a delay in the prosecution of the litigation. Moreover, the Defendants may file an appropriate proof of claim with this Court to secure any payment to which they may be entitled. Upon information and belief, none of the Defendants are confronting any limitation periods of any kind or nature and will suffer no procedural prejudice.

48. The granting of the injunctive relief sought herein unequivocally advances a significant public interest, that is, in effectuating a successful reorganization of the Debtors as contemplated by the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*; in assuring that the legitimate rights of creditors and other parties in interest are protected.

WHEREFORE, Plaintiffs respectfully request that the Court issue a preliminary injunction enjoining prosecution of (i) all unknown but currently pending actions against Lonnie Blake Dorcey, and (ii) any actions not yet filed against Lonnie Blake Dorcey during the pendency of these Chapter 11 Cases pending confirmation of the plan of reorganization (as may be amended from time to time), and provide such other and further relief as may be just and proper.

Respectfully submitted on January 14, 2026.

*/s/ Stuart H. Memory*
Stuart H. Memory
Alabama Bar No. 2214-Y36V

35576312-8

MEMORY MEMORY & CAUSBY LLP
Post Office Box 4054
Montgomery, AL 36103-4054
334.834.8000
smemory@memorylegal.com

## VERIFICATION

The undersigned, Lonnie Blake Dorcey, in his capacity as shareholder or member and President of the Debtors, hereby affirms and declares as follows:

I have reviewed the record in the Debtors' bankruptcy cases and have knowledge of the facts and circumstances set forth in the *Verified Complaint for Injunctive Relief,* (the "Complaint"); I have read the Complaint; the facts stated in the Complaint are true and correct to the best of my actual knowledge; and I have freely and voluntarily executed the Complaint, and I am authorized to execute this Complaint.

Pursuant to 28 U.S.C. Section 1746, I hereby declare under penalty of perjury, that the foregoing statements are true and correct on January 14, 2026.

By: /S/ Lonnie Blake Dorcey (e-signed with permission
Lonnie Blake Dorcey, Shareholder and
President and Member of the Debtors